IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALEXANDER TRINIDAD GALLEGOS,

    Petitioner,

vs.                                          No. 22-cv-00348 DHU/JFR

DAVID GONZALES, Warden of the
Guadalupe County Correctional Facility, and
HECTOR H. BALDERAS, Attorney
General for the State of New Mexico,

    Respondents.

**ORDER ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on the Proposed Findings and Recommended Disposition (PFRD) by United States Magistrate Judge John F. Robbenhaar, filed December 16, 2022. Doc. 27. As per Fed. R. Civ. P. 72(b)(2) and 6(d), objections were due no later than December 30, 2022. Petitioner through counsel extended that deadline and timely filed his objections on January 30, 2023, urging the Court to "reverse the state court convictions or issue a certificate of appealability." Doc. 31. Respondents have not filed objections or a response to Petitioner's objections. As explained below, the Court overrules Petitioner's objections as non-specific. The Court therefore will adopt the PFRD in its entirety.

LEGAL STANDARDS FOR REVIEW OF MAGISTRATE JUDGE'S REPORT

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district judge may designate a magistrate judge to submit proposed findings of fact and recommendations for the disposition of any case pending before the Court, including habeas cases. Where a party timely objects to the magistrate judge's proposed disposition, this Court conducts a *de novo* review of all portions of the

1

recommendation which have been objected to and "may accept, reject, or modify, in whole or in part, the findings or recommendations." *See id.* § 636(b)(1)(C). *De novo* review requires the district judge to consider relevant evidence of record and not merely to review the magistrate judge's recommendation. *In re Griego*, 64 F.3d 583-84 (10th Cir. 1995). However, a party's objections to the PFRD must be both timely *and specific* to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1060 (10th Cir. 1996) (emphasis added). In other words, failure to make a timely and specific objection to a PFRD or any individual aspect of it waives *de novo* or appellate review. *Id.*; *see also* Fed.R.Civ.P. 72(b)(2) ("a party may serve and file *specific objections* to the proposed findings and recommendations.") (emphasis added). The firm waiver rule has been adopted and followed by the Tenth Circuit for over thirty years. *See e.g. Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## PETITIONER'S OBJECTIONS ARE NON-SPECIFIC AND SUBJECT TO THE FIRM WAIVER RULE

Judge Robbenhaar filed the PFRD on December 16, 2022, and notified the parties that any objections would be due within 14 days. Doc. 27 at 20. Thus, objections were due to be filed no later than December 30, 2022. Petitioner sought and received a 30-day extension (Doc. 30), and timely filed his objections to the PFRD on January 30, 2023.

Petitioner's objections amount to a single paragraph of three sentences, but contain no legal analysis, argument or authority in support. The entirety of what counsel submitted on behalf of Petitioner is the following:

> Firstly, the petitioner asserts that his trial attorney was entirely ineffective in his defense for the specific reasons set forth in his petition. Therefore, Mr. Gallegos is firmly of the opinion that he was denied counsel pursuant to the 6th Amendment

>to the United States Constitution.  Secondly, the petitioner opines that the evidentiary rulings by the trial Court were so egregious as to deprive him of his 5th Amendment Right to Due Process as secured by the United States Constitution.

Doc. 31 at 1.

To preserve an issue for *de novo* review by the Court or appellate review, objections to the recommendations of a magistrate judge must be both timely and specific.  *One Parcel of Real Prop.*, 73 F.3d at 1060.  Here, Petitioner's objections were not specific and don't address any of the findings and conclusions reached by the Magistrate Judge.  "Just as a complaint stating 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review." *Id.* at 1060 (internal quotation marks and citation omitted).  The Court admonishes counsel for submitting absolutely inadequate "objections", and finds that they amount to a firm waiver of this Court's review.  Whereas *de novo* review by the district judge of a PFRD would be appropriate when specific objections are made, here Petitioner through counsel has waived any objections he might have made.  Therefore, the Court will adopt, in this case, the deferential approach favored by District Judge James O. Browning and review the Magistrate Judge's recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  *See Rose v. Colvin*, 36 F.Supp.3d 1220, 1226 (D.N.M. 2014) (citing *Pablo v. Soc. Sec. Admin.*, 2013 WL 1010401, at *4 (D.N.M. Feb. 27, 2013)).

ANALYSIS

As an initial matter, the Magistrate Judge found that the Petition presents both exhausted and unexhausted claims.  Doc. 27 at 8-10.  Petitioner did not object to the Magistrate Judge's finding, instead conceding that he did not argue the claim in state court.  Doc. 25 at 1.  The Court agrees that it is perfectly clear that this unexhausted issue lacks merit and fails to raise a colorable federal claim, and accepts the Magistrate Judge's recommendation to review the

3

unexhausted claim.  The Court agrees that it is in the interests of the individuals and entities involved to resolve the matter, rather than staying and abating these proceedings so Petitioner may exhaust the issue in state court.  *See* Doc. 27 at 10 (citing *Hoxsie v. Kerby*, 108 F.3d 1239, 1242-43 (10th Cir. 1997)).

The Court has carefully reviewed the PFRD (Doc. 27) as well as Petitioner's "objections" filed January 30, 2023.  (Doc. 31).  The Court has not reviewed the PFRD *de novo*, but instead reviewed the Magistrate Judge's findings and recommendations to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  The Court concludes they are not.

## WHETHER THE MAGISTRATE JUDGE'S RECOMMENDATION AGAINST ISSUANCE OF A CERTIFICATE OF APPEALABILITY (COA) IS APPROPRIATE

The Court considers whether the Magistrate Judge erred by recommending against the issuance of a COA.  The standard is set forth in *Buck v. Davis*, 137 S.Ct. 759 (2017), which states that the "only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.' " 137 S.Ct.. at 773 (citing *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").

The Court agrees with the Magistrate Judge and finds that Petitioner has failed to demonstrate that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong.  Doc. 27 at 19 (citing *Slack,* 529 U.S. at 484).  This Court is unable to conclude that the state court's adjudication was contrary to clearly established federal law or was otherwise an unreasonable determination of the facts of this case.  28 U.S.C. § 2254(d).  As such,

the Court finds it was not error for the Magistrate Judge to recommend against the issuance of a COA. The Court will therefore adopt the Magistrate Judge's PFRD (Doc. 27).

CONCLUSION

**IT IS THEREFORE ORDERED** that Petitioner's *Amended Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By a Person in State Custody* (Doc. 17) is **DENIED WITH PREJUDICE.**

_____
**DAVID HERRERA URIAS**
United States District Judge